UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE EBNOTHER, | ) |
|                 Plaintiff, | ) Case No.: 2:20-cv-00901-GMN-EJY |
|   vs. | ) |
| | ) **ORDER** |
| DELTA AIR LINES, INC., | ) |
|                 Defendant. | ) |

Pending before the Court is Defendant Delta Air Lines, Inc.'s ("Defendant's") Motion to Dismiss, (ECF No. 6). Plaintiff Jamie Ebnother ("Plaintiff") filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 12).

Also pending before the Court is Plaintiff's Motion to Remand, (ECF No. 10). Defendant filed a Response, (ECF No. 13), and Plaintiff filed a Reply, (ECF No. 14).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Motion to Dismiss.

I. **BACKGROUND**

This case arises out of an allergic reaction Plaintiff suffered after Defendant allegedly served peanuts on a flight from Germany to the United States. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-2). Plaintiff alleges that during the booking process and prior to departure, she notified Defendant and its agents that she has a peanut allergy. (*Id.* ¶ 16). Despite the notice, Plaintiff alleges that Defendant knowingly served food on Plaintiff's flight that contained peanuts. (*Id.* ¶ 17). As a result of the peanut exposure, Plaintiff allegedly experienced a sudden allergic reaction that caused her anaphylactic shock and related injuries. (*Id.* ¶ 18).

On March 11, 2020, Plaintiff filed her Complaint in state court, alleging causes of action for negligence, gross negligence, and negligent hiring, training, and supervision against Defendant. (*Id.* ¶¶ 19–28). Plaintiff also alleges that Defendant, as a common carrier, was subject to a heightened duty of care that it breached by serving peanuts on her flight. (*Id.* ¶¶ 29–34).

On May 18, 2020, Defendant removed the case to this Court. (*See* Pet. Removal, ECF No. 1). Defendant asserts that this Court has both diversity and federal question jurisdiction over the case. (*Id.* ¶¶ 3, 12–16, 18–19). Defendant alleges that it is completely diverse from Plaintiff, and the amount in controversy exceeds $75,000.00. (*Id.* ¶¶ 3, 12–16). Additionally, Defendant alleges that the Montreal Convention confers federal question jurisdiction because it provides the exclusive remedy for Plaintiff's claims. (*Id.* ¶¶ 18–19).

One week after removing this action, Defendant filed its Motion to Dismiss the Complaint, (ECF No. 6). Plaintiff then filed her Motion to Remand. (*See* Mot. Remand, ECF No. 10).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal

jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III.   DISCUSSION

The Court begins its analysis with its subject matter jurisdiction.  Defendant argues that the case is removable both because there is diversity jurisdiction and the Montreal Convention, a federal treaty preempting Plaintiff's claims, provides jurisdiction. (Resp. Mot. Remand ("Resp.") 4:15–9:10, ECF No. 13).  Plaintiff argues that diversity jurisdiction is lacking because her case does not satisfy the amount in controversy requirement, and the Montreal Convention does not provide federal question jurisdiction over the state law claims asserted in the Complaint. (Mot. Remand 3:3–5:9, ECF No. 10); (Reply Mot. Remand ("Reply") 4:1–5:10, ECF No. 14).  The Court first addresses diversity jurisdiction.

#### A. Diversity Jurisdiction

Plaintiff does not dispute that she is completely diverse from Defendant.  However, she contends that the amount in controversy requirement is not satisfied because she has sustained less than $12,000.00 in damages. (Mot. Remand 4:20–25).  Defendant responds that Plaintiff tendered a $100,000.00 settlement demand at commencement of the litigation, which indicates that over $75,000.00 was legitimately in controversy at the time of removal. (Resp. 4:16–5:4).

If a complaint does not specify the amount in damages sought, the removing defendant must demonstrate, by a preponderance of evidence, that the amount in controversy was greater than $75,000.00 at the time of removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  A settlement demand may be probative of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (quoting *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).  A settlement demand is not dispositive of the amount genuinely in controversy. *See,*

*e.g.*, *Shaw v. Hughes Aircraft Co.*, No. 95-56154, 1997 U.S. App. LEXIS 11960 (9th Cir. May 20, 1997); *Brown v. New York Life Ins. Co.*, No. 95-15573, 1996 U.S. App. LEXIS 17666 (9th Cir. July 12, 1996).

In the Notice of Removal, Defendant does not provide evidence regarding the value of Plaintiff's claim other than the Settlement Demand. Defendant explains, "Ms. Ebnother sent a demand to Delta for damages in the amount of $100,000.00." (Pet. Removal ¶ 16, ECF No. 1). In Plaintiff's Motion to Remand, she appends a summary of her medical bills, which shows that from March 14, 2018–July 9, 2019, she incurred $11,805.46 in medical bills. (*See* Medical Computation of Damages, Ex. 1 to Mot. Removal, ECF No. 10-1). She also includes a Report from her psychotherapist, Dr. Elaine Nelson, which notes significant psychological improvement as of July 9, 2019. (Dr. Elaine Nelson Medical Report, Ex. 2 to Mot. Removal, ECF No. 10-1). Defendant then rebuts Plaintiff's evidence by including the Settlement Demand dated March 12, 2020, which requests $100,000.00, and an email from Plaintiff's counsel on June 24, 2020, explaining that the previous offer of $10,000.00 was insufficient. (*See* Settlement Demand, Ex. A to Resp., ECF No 13-1); (Negotiations Email, Ex. B to Resp. ECF No. 13-2). The Settlement Demand includes an itemization of Plaintiff's medical expenses and lost wages, totaling $11,475.16 and $1,051.56, respectively. (*See* Settlement Demand, Ex. A to Resp., ECF No 13-1).

The evidence before the Court indicates that although Plaintiff demanded $100,000.00 from Defendant, the demand did not reflect a reasonable estimate of Plaintiff's claim at the time of removal. There is no indication in the Settlement Demand why the amount in controversy came reasonably close to the $100,000.00 requested, and the evidence available to Defendant, which was memorialized in the Settlement Demand, showed the same. The Settlement Demand is one piece of evidence for the Court to consider, but it is not controlling. The evidence of the amount genuinely in controversy at the time of removal—namely, the itemized

damages actually incurred—indicates that the amount in controversy was more likely than not below the $75,000.00 jurisdictional threshold given that less than $15,000.00 in damages were actually incurred.  Accordingly, the Court finds that it lacks diversity jurisdiction over the case. The Court next addresses whether it may exercise federal question jurisdiction.

### B.  Federal Question Jurisdiction

Defendant argues that the Court has federal question jurisdiction because the Montreal Convention provides the exclusive remedy for Plaintiff to recover tort damages sustained on an international flight between the United States and another signatory to the treaty. (Resp. 5:21–9:10); *see* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 (the "Montreal Convention"). As such, Defendant argues that Plaintiff's claims arise under federal law. (*Id.*).  Plaintiff asserts that while her claims may be preempted such that the Montreal Convention provides an affirmative defense, the Montreal Convention does not completely preempt state law to the extent that her well-pleaded Complaint alleging state law claims asserts a federal cause of action. (Reply 3:1–5:26).

The complete preemption doctrine describes "those cases in which federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1403 (9th Cir. 1988).  Complete preemption "provides that, in some instances, 'the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law . . . [and] any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Balcorta v. Twentieth Century—Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

Defendant cites heavily to Supreme Court precedent discussing the preemptive effect of the Montreal Convention. (*See* Resp. 6:16–9:2).  However, the authority is in the context of

claim preemption, not the jurisdictional doctrine of complete preemption.  Claim preemption only implicates the effect of an affirmative defense; whereas, complete preemption creates federal question jurisdiction.

The Ninth Circuit has not yet addressed whether the Montreal Convention confers federal jurisdiction over state law claims that arise under the treaty. *Patel v. Sing Airlines Ltd.*, 745 F. App'x 9, 10 (9th Cir. 2018) ("We decline to address the parties' arguments with respect to whether the Montreal Convention completely preempts state-law claims because we are satisfied the district court had subject-matter jurisdiction over the action under 28 U.S.C. § 1332.").  However, the majority of district courts within the Ninth Circuit have held that the Montreal Convention provides an affirmative defense to state law claims within its ambit, but not federal jurisdiction. *See Mozingo v. Japan Airlines Co.*, 432 F. Supp. 3d 1194, 1199–1200 (S.D. Cal. 2020) (collecting cases); *but see Fadhiliah v. Societe Fr.*, 987 F. Supp. 2d 1057, 1061–64 (C.D. Cal. 2013) (concluding otherwise).  Courts declining to exercise jurisdiction have explained that the text of the Montreal Convention—which restricts the ability to bring "any action for damages" within the scope of the treaty—limits the remedies available under such claims, but may not completely preempt offending state law claims. *See, e.g.*, *Greig v. US Airways Inc.*, 28 F. Supp. 3d 973, 977 (D. Ariz. 2014) (collecting cases holding the same).  This Court finds the reasoning of those district courts' persuasive and concludes that it lacks subject matter jurisdiction over this case.

//

//

//

//

//

//

IV. <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **DENIED as moot**.

The Clerk of Court shall close the case.

**DATED** this __10__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court